```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :      CRIMINAL ACTION
                                :      NO. 06-480-3
         v.                     :
                                :      CIVIL ACTION
ADAM J. TORRES-OJEDA            :      NO. 09-3545
```

MEMORANDUM

Bartle, C.J.                                         September 29, 2009

On August 4, 2009, Adam J. Torres-Ojeda filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255.  The Government has countered with a motion to dismiss on the ground that Torres-Ojeda has waived his right to seek such collateral relief.

Defendant pleaded guilty on December 12, 2006 to conspiracy to distribute and possession with intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. § 846, two counts of possession of heroin with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and one count of possession of 40 grams or more of heroin and fentanyl with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).  He received a sentence of 135 months' imprisonment.  On direct appeal, the motion of the Government to enforce the defendant's appellate waiver and for summary affirmance was granted by the Court of Appeals.  United States v. Torres-Ojeda, No. 07-1812 (3d Cir. Feb. 3, 2009).

Torres-Ojeda now argues in his § 2255 motion that he was denied effective assistance of counsel in that his counsel (1) "did not object to drug amounts that I possessed for personal use and not as a part of the conspiracy, and he did not advise me of my right to so object"; (2) "failed to request a downward departure of two to four levels for my minimal role in the conspiracy"; (3) "advised me to plead to the full amount of drugs attributed to the conspiracy, even though I was in the conspiracy for less than three months and my role was limited and minimal"; and (4) "did not follow through on my objections to the gun enhancement, rather he remained silent at sentencing on the specific objections" and "he did not object to the gun enhancement as being a violation of the plea agreement" and "he allowed me to unknowingly and involuntarily suffer the enhancement."  As with his direct appeal, the Government contends that Torres-Ojeda waived his right to challenge his sentence collaterally in his written plea agreement.

Torres-Ojeda signed a written plea agreement in which he waived his right to appeal or collaterally attack his sentence.  With certain exceptions not relevant here, the plea agreement states:

> In exchange for the undertakings made by the government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255,

>or any other provision of law.  This waiver
>is not intended to bar the assertion of
>constitutional claims that the relevant case
>law holds cannot be waived.

During the course of his change-of-plea hearing, the Court asked the Government to summarize the plea agreement executed by the parties.  The Assistant United States Attorney summarized the waiver provision as follows:

>Furthermore, the plea agreement sets out that
>in exchange for the undertakings made by the
>Government in entering this plea agreement,
>the defendant voluntarily and expressly
>waives all rights to appeal or collaterally
>attack the defendant's conviction, sentence,
>or any other matter relating to this
>prosecution, whether such a right to appeal
>or collaterally attack arises under 18 U.S.C.
>§ 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255,
>or any other provision of law.

Communicating through a translator, the Court then asked Torres-Ojeda whether the Government accurately summarized the terms of the plea agreement.  He answered in the affirmative.  The signed plea agreement was then placed before Torres-Ojeda, and the Court confirmed that it had been translated into Spanish for his benefit.  The Court further confirmed that he discussed the plea agreement with his lawyer before he signed it and that he understood what the plea agreement said before he signed it.  Torres-Ojeda was questioned about the acknowledgment of rights, which he confirmed had been translated for him.  He further stated that he understood the acknowledgment of rights and had discussed it with his lawyer.  The Court inquired and Torres-Ojeda denied that anyone made any threat or any promise or

assurance of any kind other than what was set forth in the documents to convince or induce him to sign it.

The Court then asked the following questions of Torres-Ojeda regarding the waiver provisions of the plea agreement:

> THE COURT:  Do you understand that if you plead guilty, you will be giving up some or all of your rights of appeal, as well as your right to attack your conviction and sentence collaterally?
>
> MR. TORRES-OJEDA:  Yes.

It is well settled that criminal defendants "may waive both constitutional and statutory rights, provided they do so voluntarily and with knowledge of the nature and consequences of the waiver."  United States v. Mabry, 536 F.3d 231, 236 (3d Cir. 2008).  A criminal defendant may waive his basic right to appeal his sentence under certain circumstances.  United States v. Khattak, 273 F.3d 557 (3d Cir. 2001).  Waivers of appeal are "generally permissible if entered into knowingly and voluntarily, unless they work a miscarriage of justice."  Id. at 563.  In considering whether there has been a miscarriage of justice, the court should consider:

> [T]he clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result.

Id. at 563.

The defendant has the burden of "presenting an argument that would render his waiver unknowing or involuntary."  Mabry,

-4-

536 F.3d at 237.  However, the Court has an "affirmative duty" and "independent obligation" to examine carefully this issue as well whether enforcement of the waiver will work a miscarriage of justice.  Id. at 238.

An examination of the record of proceedings, including the transcript of the change-of-plea hearing and the written plea agreement, reveals that Torres-Ojeda discussed the plea agreement with his lawyer and understood its terms.  Furthermore, the terms of the waiver of his right to collateral relief were accurately summarized during the change-of-plea hearing.  The Court specifically asked the defendant whether he understood that he was giving up his right collaterally to attack his conviction and sentence.  The Court advised him that the terms of his waiver of rights were set forth in the plea agreement.

The Court also confirmed that the defendant understood the maximum and minimum penalties he faced for the crimes for which he was pleading guilty.  The Court advised the defendant that the Court could in appropriate circumstances impose a sentence which was either more severe or less severe than the sentence which the advisory guidelines recommend and that he could receive the maximum sentence of life imprisonment.  Any argument that the defendant did not knowingly and voluntarily give up his right to attack his sentence collaterally is simply

unsupported and, in fact, directly contradicted by the record evidence.[1]

We must further consider whether the enforcement of Torres-Ojeda's waiver will work a miscarriage of justice.  In Khattak, our Court of Appeals refused to "earmark specific situations" where enforcement of a waiver would result in a miscarriage of justice.  Khattak, 273 F.3d at 563.

Our Court of Appeals has found that enforcement of a waiver would result in a miscarriage of justice in very limited circumstances.  United States v. Wilson, 429 F.3d 455, 458 (3d Cir. 2005).  This is not a case where the defendant should have

---

1.  Defendant asserts his waiver was not knowing and voluntary because his attorney failed to advise him that he had a right to have a jury determine whether he was responsible for certain elements of the charged crimes beyond a reasonable doubt.  This argument is groundless.  The record evidence reveals that the Court informed Torres-Ojeda of his right to be tried by a jury if he pleaded not guilty.  At the change-of-plea hearing, the Court asked the defendant the following questions:

> THE COURT:  Do you understand that you would have a right to be tried by a jury if you plead not guilty?
> MR. TORRES-OJEDA:  Yes.
> THE COURT:  Are you aware that you through your attorney could participate in the selection of any jury?
> MR. TORRES-OJEDA:  Yes.
> \* \* \*
> THE COURT:  Do you understand that at a trial you would be presumed to be innocent?
> MR. TORRES-OJEDA:  Yes.
> THE COURT:  And that the Government would be required to prove you guilty by competent evidence and beyond a reasonable doubt before you could be found guilty?
> MR. TORRES-OJEDA:  Yes.

been permitted to withdraw his guilty plea, where counsel failed to file timely an appeal, or where the Government has breached its own obligations under the plea agreement.  Id.; United States v. Shedrick, 493 F.3d 292 (3d Cir. 2007); United States v. Schwartz, 511 F.3d 403 (3d Cir. 2008).  None of these circumstances is present here.

We find that enforcement of the defendant's waiver of his right to attack his sentence collaterally is not one of those "unusual circumstances" resulting in a miscarriage of justice. Accordingly, we will enter an order granting the motion of the Government to dismiss the petition of Adam J. Torres-Ojeda under 28 U.S.C. § 2255.